IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESUS CARRANCA and
LUCINA CARRANZA

                Plaintiffs,

v.                                                No. _____

QUALITY FIRST PRODUCE and,
PHONG THANH TRAN,

                Defendants.

## NOTICE OF REMOVAL

Quality First Produce, Inc. ("Quality First Produce") and Phong Thanh Tran, pursuant to 28 U.S.C. § 1441 and § 1446 and with full reservation of all defenses, respectfully submit this Notice of Removal. As grounds for removal, Quality First Produce and Mr. Tran state as follows:

**I.  Background and Procedural Prerequisites for Removal.**

1. On October 7, 2011, Plaintiffs commenced an action in the Third Judicial District Court, State of New Mexico, Cause Number CV-2011-2447 ("State Court Action"). Mr. Tran was served with process in the State Court Action on October 15, 2011, and Quality First Produce was served with process on October 19, 2011. A copy of Plaintiffs' Complaint For Damages For Personal Injury ("Complaint") is attached as Exhibit A.

2. This Notice of Removal is filed in this Court within 30 days of Mr. Tran's first receipt of the initial pleading in this case. See 28 U.S.C. § 1446(b). The state court in which this action was commenced is within this Court's district. As set forth below, this Court has diversity jurisdiction over this matter. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1322 and § 1446.

1230861.1

3. This Court's jurisdiction must be assessed by examining the complaint filed in the State Court Action on its face as of the time of filing this Notice of Removal. Wis. Dep't of Corrs. v. Schacht, 524 U.S. 381, 390 (1998) ("[F]or purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court.") (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938) ("[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal."))); Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of the removal.").

## II. The Proper Parties in This Action Are Citizens of Different States.

4. At the time of commencement of the State Court Action, and at all times since then, Plaintiffs were, and are, citizens of the State of New Mexico. (Complaint ¶ 1.)

5. At the time of commencement of the State Court Action, and at all times since then, Defendant Quality First Produce was, and is, a California corporation, with its principal place of business in Los Angeles, California. See California Secretary of State Corporate Filing, attached as Exhibit B.

6. At the commencement of the State Court Action, and at all times since then, Defendant Phong Thanh Tran was, and is, a citizen of a state other than New Mexico. See Phone Record Search, attached as Exhibit C.

7. Pursuant to 28 U.S.C. § 1332 and § 1441, there is complete diversity of citizenship between Plaintiffs and Defendants.

## III. The Amount in Controversy Exceeds $75,000.

8. The amount in controversy for removal jurisdiction is determined normally by reference to allegations in the plaintiffs' complaint. Laughlin v. Kmart Corp., 50 F.3d 871, 873

(10th Cir. 1995).  Where a state rule of procedure provides that the amount of damages may not be included in the complaint, *see* Rule 1-010(B) NMRA, the court must examine the facts existing at the time of removal and determine whether those facts "prove, to a reasonable probability, that the jurisdictional amount was met."  Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 428 (7th Cir. 1997).

9.	Plaintiffs do not allege a specific dollar amount for the damages that they allegedly suffered as a result of the incident they allege in the Complaint.  Plaintiffs' Complaint, however, alleges that the collision between Defendant Quality First Produce's truck with a semi-trailer and Plaintiff Jesus Carranza's pickup truck was with such force that it caused Mr. Carranza's truck to explode into flames.  As a result, Plaintiffs allege that Mr. Carranza suffered past, current, and future medical bills and expenses incurred; past, current, and future pain and suffering; loss of enjoyment of life; lost earnings and lost earning potential; disfigurement; and loss of consortium.  Plaintiffs also allege that an award for punitive damages is appropriate.  In addition, Plaintiff Lucina Carranza alleges she suffers from loss of consortium as a result of the alleged incident.  (See Compl. ¶¶ 12-14.)

10.	Given these allegations and the theories on which Plaintiffs rely, the Court may assume that Plaintiffs are claiming damages in excess of $75,000.  See McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008) ("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."); see also Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) (district court reasonably speculated that jurisdictional amount in controversy would be satisfied given complexity of case).

11. Defendants Quality First Produce and Mr. Tran deny that Plaintiff is entitled to any damages or relief whatsoever. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Given the complete diversity of the parties and an amount in controversy in excess of $75,000, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. § 1332, and this action properly is removable pursuant to 28 U.S.C. § 1441.

Defendants Quality First Produce and Mr. Tran respectfully request that the State Court Action now pending in the Third Judicial District Court, State of New Mexico, Cause Number CV-2011-2447, be removed to this Court and ask that this Court make and enter such further orders as may be necessary and proper.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _____
Seth L. Sparks
Robert J. Sánchez
Attorneys for Defendants
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 765-5900
Facsimile: (505) 768-7395
rsanchez@rodey.com

We hereby certify that a true and correct copy of the foregoing pleading was mailed on this 14th day of November, 2011 to:

Angel L. Saenz
Saenz & Torres, P.A.
333 South Campo Street
Las Cruces, NM  88001
(505) 526-3333

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

_____
Robert J. Sánchez