IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

JESUS CARRANZA and
LUCINA CARRANZA,

                    Plaintiffs,

v.                                                            No. CIV 11-1006 BB/LAM

QUALITY FIRST PRODUCE; PHONG
THANH TRAN; NEW MEXICO
DEPARTMENT OF TRANSPORTATION;
NEW MEXICO DEPARTMENT OF PUBLIC
SAFETY, MOTOR TRANSPORTATION
DIVISION; and NEW MEXICO
DEPARTMENT OF PUBLIC SAFETY,
STATE POLICE DIVISION,

                    Defendants.

## MEMORANDUM OPINION
## SUPPORTING AMENDMENT AND REMAND

THIS MATTER is before the Court on *Plaintiffs' Motion to Remand or for Joinder of State-Government Defendants* [Doc. 8]. Having considered all submissions of counsel, the Court finds the motion should be Granted and the case remanded.

I.   *Facts*

This action arises from a collision which occurred when a truck driven by Defendant Tran rear-ended Plaintiffs' pickup truck on August 30, 2011. Defendant Tran was driving the truck in the course of his employment, for his employer

Defendant Quality First Produce.  At the time of the collision, both vehicles were traveling westbound on Interstate 10, through a highway construction zone created by the State of New Mexico.  In their Amended Complaint, Plaintiffs allege that the State Defendants were negligent in constructing and maintaining the highway by forcing vehicles in the construction zone to abruptly and dangerously change from a three-lane highway in a 70 mile-per-hour zone to a one-lane highway.  Various State law officers were manually directing traffic in the construction zone at the time of the accident and some of them were involved in the accident.

II.   *Procedural Background*

On October 7, 2011, Plaintiffs commenced this personal injury action in the Third Judicial District Court, State of New Mexico, filed on October 7, 2011.  Quality First Produce and Phong Thanh Tran were the only named Defendants in the action.  These Defendants removed the action to this Court by filing a Notice of Removal on November 14, 2011.  Defendants asserted diversity as the basis for removal.  Defendants Quality First Produce and Tran filed their Answer on November 21, 2011.  Ten days later, on December 1, 2011, Plaintiffs filed their Amended Complaint.  In the Amended Complaint, Plaintiffs added as Defendants the New Mexico Department of Transportation, the New Mexico Department of Public Safety, Motor Transportation Division and State Police Division ("State Defendants").  Plaintiffs assert claims against these Defendants under New Mexico's Tort Claims Act.  On December 16, 2011, two

of the State law officers moved to intervene in this action as a result of injuries sustained in the same incident.

III.   *Discussion*

    A.   *Plaintiffs Have the "Right" to Amend Their Complaint*

Plaintiffs maintain they had the right to amend their complaint under Federal Rule of Civil Procedure 15(a).  That provision provides *inter alia*:

> (a) Amendments Before Trial
> >  (1)   *Amending as a Matter of Course*.  A party may amend its pleading once as a matter of course within:
> > >  (A)   21 days after serving it, or
> > >  (B)   if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiffs correctly note that no motion has been filed under Federal Rule of Civil Procedure 12 so that provision of Rule 15(a)(1)(B) is inapplicable.

Defendants "are not contesting the procedural mechanism which Plaintiffs are utilizing in their attempt to add the State Defendants ... the substance of the amendment – the addition of improper parties to a federal suit – is the issue that renders Plaintiffs' amendment futile...."  (Defs.' Resp. 3).  Therefore, while there appears to be law contrary to Plaintiffs' position,[1] it is not necessary to resolve the issue.

---

[1]   *See Priester v. Long Beach Mortg. Co.*, 2011 WL 6116481 (ED/Tex.); *Smith v. Robin America, Inc.*, 2009 WL 2485589 (SD/Tex.).

**B.**     *The Interests of Justice Support the Amendment of Plaintiffs' Complaint*

On December 16, four days after Plaintiffs filed this motion, two State law enforcement officers filed a motion to intervene in this action. Based on the undisputed affidavit of Plaintiffs' counsel, he was already investigating and considering a possible claim against the State Defendants before this action was removed to this Court on November 14, 2011. In the course of this investigation, Plaintiffs' counsel on October 4, 2011, had a discussion with accident-reconstruction expert Ron Feder concerning the facts which would form a basis for such a claim. Plaintiffs filed their Complaint in State court against the Quality Defendants three days later, but Plaintiffs' counsel continued to investigate and seek expert opinion to support a claim against the State Defendants. After conducting further investigation and obtaining a supportive expert opinion, Plaintiffs filed their Amended Complaint herein on December 1, 2011.

A court must look carefully to insure that an amendment is not designed to add parties merely to defeat federal jurisdiction. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *City of Perth Amboy v. Safeco Ins. Co. of America*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008). As the affidavit of Plaintiffs' counsel makes clear, however, this amendment has a legitimate purpose in bringing all potentially liable parties into the case and the amendment should therefore be permitted. *Wilger v. Dep't of Pensions & Sec'y for State of Ala.*, 593 F.2d 12, 13 (5th Cir. 1979); *Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 669 (E.D. La. 2007); *ANR Pipeline Co. v. Michigan Public Serv. Comm'n*, 608 F. Supp. 43, 45 (W.D. Mich. 1984).

4

**C.**   *The Case Should Be Remanded*

It has long been established that a state is not a citizen for purposes of diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693 (1973); *Dougherty v. Univ. of Okla. Bd. of Regents*, 415 Fed. Appx. 23 (10th Cir. 2011). While a district court has the discretion to approve or deny post removal joinder of non-diverse parties, if joinder is granted remand is required. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009); *Wayman v. Accor N. Am., Inc.*, 486 F. Supp. 2d 1280, 1282 (D. Kan. 2007). As this Court has found joinder of the State entities appropriate, remand is required.

BRUCE D. BLACK
Chief Judge

5